IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CELISE R. ROXBY,

    PLAINTIFF,

vs.

CIVIL ACTION NO. 5:18-cv-28 (Bailey)

WILLIAM KEITH REDMAN, JR.,
CRISTIN RAE REDMAN, ROBERT
ALLEN SKVARKA, BENWOOD-MCMECHEN
HOUSING AUTHORITY, BAYER
HERITAGE FEDERAL CREDIT UNION, MARSHALL
COUNTY COMMMISSION, HILL APPRAISALS,
LLC, JODY HILL, J & J, LLP, THOMAS YOUNG,
CHANGE, INC. AND NORTHERN PANHANDLE
HOME CONSORTIUM,

    DEFENDANTS.

ELECTRONICALLY FILED
Feb 08 2018
U.S. DISTRICT COURT
Northern District of WV

## JOINT NOTICE OF REMOVAL

NOW COME the Defendants, Marshall County Commission, Change, Inc., Bayer Heritage Federal Credit Union, Hill Appraisals, LLC, and Jody Hill, William Keith Redman, Jr. Cristin Redman, Robert Allen Skvarka, and Benwood-McMechen Housing Authority, by and through undersigned counsel, and jointly file this Notice of Removal. Defendants' consent is evidenced by their signatures below. In support of this Notice, Defendants respectfully represent unto the Court as follows:

    1.    A civil action filed by Plaintiff on or about January 17, 2018 is now pending in the Circuit Court of Marshall County, West Virginia, designated as Case No. 17-C-247. Pursuant to 28 U.S.C. §1446(a), a copy of the state court file is attached hereto as Exhibit A.

2. In her Amended Complaint, Plaintiff specifically alleges that Defendants have violated provisions of the Federal Home Investment Partnerships Program, codified at 24 CFR § 92. Amended Complaint at ¶ 6, ¶ 7, ¶ 8, and ¶ 10.

3. Consistent with 28 U.S.C. §1446(b), this Notice of Removal is being filed within thirty days after receipt by the Defendant of the Summons and Complaint. Several Defendants have consented in writing to removal as evidenced by the written consents signed by counsel and attached hereto as Exhibit B.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. Generally, removal under federal question jurisdiction "is determined by reference to the well-pleaded complaint." *Eggert v. Britton*, 223 Fed.Appx. 394, 396-97 (5th Cir. 2007) (per curiam); see *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), *Breiding v. Wilson Appraisal Servs., Inc.*, No. 5:14CV124, 2016 WL 1175257, at *3 (N.D.W. Va. Mar. 23, 2016); see also, *Merrill Dow Pharms.*, 478 U.S. at 808 ("[W]hether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'"). This rule dictates that federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. The plaintiff is the master of his/her complaint and may avoid federal removal jurisdiction by relying exclusively on state law. *Id.*

5. On the face of the Complaint, Plaintiff specifically alleges that the Code of Federal Regulations has been violated. In fact, the Federal Code is cited in multiple places in the Complaint. Plaintiff claims that these alleged violations necessitate this lawsuit. Thus, this action may be removed pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction over all civil actions arising under the laws of the United States.

6. This action may also be removed because Plaintiff's Complaint contains an embedded federal question. In certain cases, federal question jurisdiction will lie over state law claims that implicate significant federal issues. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312. There is no "single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." *Id.* at 314.

7. In order to determine whether a case falls within the "arising under" category, the relevant analysis is as follows: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314; *Central Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d. 904, 912 (8th Cir. 2009)(citing *Grable & Sons Metal Prods., supra.*).

8. "The entire basis for federal 'arising under' jurisdiction ... is the idea that forum matters. Federal courts are seen as experts in federal law and thus better than state courts in interpreting federal law with accuracy, uniformity, and appropriate sensitivity to federal interests." Scott Dodson, *The Complexity of Jurisdictional Clarity*, 97 VA. L. REV. 1, 50-51 (2011) (citations omitted).

9. The facts of the current case meet the four factors set forth in *Grable*. First, the federal issue is clearly stated on the face of the Complaint. In Para. 6 Plaintiff specifically alleges that Defendants violated federal quality standards. The issues of this case cannot be resolved

3

without interpreting those federal standards. Second, whether Defendants failed to follow the standards promulgated by the Federal Home program is disputed. Whether the federal standards and regulations were followed is central to all Plaintiff's claims. Finally, this Court may consider these specific issues without disturbing any balance of federal and state judicial responsibilities.

10. "If a Plaintiff's claim raises a federal question, the Plaintiff cannot avoid removal by attempting to plead the action only under state law." *City of Warren v. City of Detroit*, 495 F.3d 282 (6th Cir. 2007). Accordingly, the state law claims in Plaintiff's Complaint do not prevent this action from being removed. Indeed, Plaintiff's entire cause of action flows from her purchase of real estate utilizing programs of the U.S. Department of Housing and Urban Development and removal is proper.

11. Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, removal of the above-captioned state court action is appropriate.

12. This Court has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

13. Written notice of the filing of the Petition for Removal has been served upon Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Marshall County as provided by 28 U.S.C. § 1446(d).

14. Venue is proper in this court pursuant to 28 U.S.C. § 1441(a) in that this district and division embrace the place where the action is pending.

15. Defendants reserve the right to amend or supplement this Notice of Removal.

16. Defendants reserve all defenses, and the filing of this Notice of Removal is without waiver of any defense.

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1331, based on a federal question, and removal pursuant to 28 U.S.C. § 1441 is appropriate.

          MARSHALL COUNTY COMMISSION
          By Counsel

/s/ Thomas E. Buck
Thomas E. Buck, Esq.
W. Va. Bar ID #6167
Morgan S. McKee, Esq.
W. Va. Bar ID #12669
BAILEY & WYANT, P.L.L.C.
1219 Chapline Street
Wheeling, WV 26003
Telephone: (304) 233-3100
Fax: (304) 233-0201
*Counsel for Marshall County Commission*

/s/ Mark A. Kepple
Mark A. Kepple, Esq.
W. Va. Bar ID #12669
BAILEY & WYANT, P.L.L.C.
1219 Chapline Street
Wheeling, WV 26003
Telephone: (304) 233-3100
Fax: (304) 233-0201
*Counsel for Change, Inc.*

/s/ William D. Wilmoth
William D. Wilmoth, Esq.
W. Va. Bar ID #4075
Steptoe & Johnson, PLLC
P.O. Box 751
Wheeling, WV 26003
Telephone: (304) 233-0000
*Counsel for Bayer Heritage Federal Credit Union*

/s/ David A. Bosak
David A. Bosak (WV State Bar # 11947)

Lewis Brisbois Bisgaard & Smith, LLP
222 Capitol Street, Fifth Floor
Charleston, WV 25301
(304) 553-0166 (T) / (304) 932-0265 (F)
Dave.Bosak@lewisbrisbois.com
*Counsel for Hill Appraisals and Jody Hill*


/s/ Kevin Neiswonger
Kevin Neiswonger, Esq.
W. Va. Bar ID #6941
The Law Offices of Neiswonger & White
409 Morton Ave
Moundsville, WV 26041
(304) 843-1714
*Counsel for William Keith Redman and Cristin Redman*


/s/ Jonathan E. Turak
Jonathan E. Turak, Esq.
W. Va. Bar ID #3816
Gold, Khourey & Turak
510 Tomlinson Avenue
Moundsville, WV 26041
(304) 845-9750
*Counsel for Benwood-McMechen Housing Authority and Robert Allen Skvarka*

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CELISE R. ROXBY,

    PLAINTIFF,

vs.

                                  CIVIL ACTION NO.

WILLIAM KEITH REDMAN, JR.,
CRISTIN RAE REDMAN, ROBERT
ALLEN SKVARKA, BENWOOD-MCMECHEN
HOUSING AUTHORITY, BAYER
HERITAGE FEDERAL CREDIT UNION, MARSHALL
COUNTY COMMMISSION, HILL APPRAISALS,
LLC, JODY HILL, J & J, LLP, THOMAS YOUNG,
CHANGE, INC. AND NORTHERN PANHANDLE
HOME CONSORTIUM,

    DEFENDANTS.

## CERTIFICATE OF SERVICE

    Service of the foregoing **JOINT NOTICE OF REMOVAL** was had upon the following by mailing a true and correct copy thereof by United States mail, postage prepaid, this  8th  day of February, 2018:

Ronald Wm. Kasserman, Esq.
Kasserman Law Offices, PLLC
94 14th Street
Wheeling, WV 26003

Northern Panhandle HOME Consortium
2200 Marshall Street
Benwood, WV 26031

J & J, LLP
250 West Main Street
Saint Clairsville, OH 43950

Thomas Young
Harvey Goodman
250 West Main St.

7

St. Clairsville, OH 43950

/s/ Thomas E. Buck
Thomas E. Buck, Esq.
W. Va. Bar ID #6167
BAILEY & WYANT, P.L.L.C.
1219 Chapline Street
Wheeling, WV 26003
Telephone: (304) 233-3100
Fax: (304) 233-0201